The Staten Island Midland Railroad Company, Respondent, *v.*
Staten Island Electric Railroad Company, Appellant.

*Street railroad — effect of a condition in the consent of a municipality that connect-
ing street railroads shall have a right to use its tracks — power of a board of super-
visors — acceptance of a consent subject to such condition.*

A railroad company, accepting a franchise to construct and operate its railroad
in a city street, upon the express condition that any other street surface rail-
road company, operating tracks at least two miles in extent outside the district
to which the franchise of such railroad company was limited and connecting
with its tracks situated within such district, should have the right to use its
tracks and enjoy equal facilities thereto in all respects, cannot deny to another
railroad company — operating twenty-eight miles of track outside the district,
which has begun proceedings under section 102 of the Railroad Law (Laws of
1890, chap. 565, as amended by chap. 693 of the Laws of 1894) to have com-
missioners appointed to determine what it should pay to the first mentioned
company for the use of the tracks in question, and has secured the payment of
whatever compensation should be awarded by giving a bond, approved by the
county judge — the right to use its tracks on the ground that the last-mentioned
corporation has not obtained the requisite consent from the municipal authorities,
or that the conditions attached to the consents procured by the first-mentioned
company are not available to the other because void.

*It seems,* that the board of supervisors of a county may grant the right to operate
a railroad upon a country road within a village.

In view of the provisions of section 102 of the Railroad Law, to the effect that
any street surface railroad company may, under certain circumstances, acquire
the right to use the tracks of another street surface railroad company for a
distance not exceeding 1,000 feet, which imply that a company, having con-
structed its own line, can, by granting its consent thereto, authorize the opera-
tion of another railroad over the same tracks, a company may, by accepting
the consent of a municipality thus conditioned, authorize such use of its tracks
in advance.

Appeal by the defendant, the Staten Island Electric Railroad
Company, from an order of the Supreme Court, made at the Kings
County Special Term and entered in the office of the clerk of the
county of Richmond on the 17th day of August, 1898, granting an
injunction *pendente lite* restraining the defendant from preventing
the plaintiff from connecting its tracks with those of the defendant
on South street in the village of New Brighton, and also from pre-
venting the plaintiff from using the tracks of the defendant on
such street.

*William N. Dykman* [*Julien T. Davies* with him on the brief], for the appellant.

*John S. Davenport,* for the respondent.

WILLARD BARTLETT, J.: :

This is an appeal from an order restraining the defendant, during the pendency of the action, from interfering with the plaintiff's exercise of the right of common trackage which it claims over a portion of the defendant's line on South street in the village of New Brighton.

It appears that the franchise of the defendant to construct and operate a railroad in South street was granted by the trustees of the village upon the express condition that any other street surface railroad company operating tracks at least two miles in extent outside the district to which the franchise of the defendant was limited, and connecting with the tracks of the defendant's railroad situated within said district, should have the right to use the defendant's tracks and enjoy equal facilities therein in all respects.

The board of supervisors of Richmond county gave to the defendant a like consent to occupy South street with its railroad, subject to a similar condition.

Each consent contained a provision to the effect that the terms and conditions of such use and the compensation therefor should be fixed in the manner prescribed in section 102 of the Railroad Law or by arbitration, but declared that the right to use such tracks should arise as soon as the company seeking to exercise it should have constructed and have ready for operation two miles of track outside the defendant's district, and should have instituted proceedings under the Railroad Law to fix the compensation, and should have given security to be approved by the county judge of Richmond county for the payment of the compensation aforesaid.

The plaintiff corporation claims a right of common trackage over the defendant's line in South street. It is a street surface railroad company operating twenty-eight miles of track outside the district in which the defendant's line is situated; it has begun proceedings under section 102 of the Railroad Law to have commissioners appointed to determine what it ought to pay to the defendant for the use of the tracks in question on South street, and it has secured

the payment of whatever compensation may be awarded by giving a bond in the sum of $5,000, which has been approved by the county judge of Richmond county. The plaintiff has thus brought itself within the terms of the consents given to the defendant by the village trustees and the board of supervisors. Nevertheless, the defendant denies the right of the plaintiff to go over its tracks in South street, insisting (1) that the plaintiff corporation has not obtained the requisite consent from the municipal authorities; and (2) that the conditions attached to the consents procured by the defendant are not available to the plaintiff, because those conditions are void. As the plaintiff has consents from the village of New Brighton and from the abutting property owners, the first objection seems to be based wholly on the absence of an express consent from the former board of supervisors of Richmond county to the plaintiff. Assuming that the control which the board of supervisors exercised over county roads made its consent necessary to the operation of a railroad upon a county road within a village, I think that the action of the board in adopting the resolution granting the franchise to the defendant upon the conditions which have been stated, providing for common trackage in favor of a connecting company situated like the plaintiff; and the subsequent action of the board in granting to the plaintiff authority to construct its railroad to the very head of South street, where were the tracks of the defendant, must be regarded as constituting a consent that the plaintiff should operate its line over South street to the ferry.

As to the second point, which attacks the validity of the conditions in the grant to the defendant, designed to prevent that grant from being exclusive, it is to be noted that the defendant not only accepted the franchise thus conditioned, but entered into an elaborate contract under seal with the village of New Brighton, expressly declaring that the consent should not be deemed to confer an exclusive franchise, and binding itself to observe the conditions aforesaid. Section 102 of the Railroad Law provides that no street surface railroad corporation shall operate its road in that portion of a street in which a street surface railroad is or shall be lawfully constructed, without first obtaining the consent of the corporation owning and maintaining the same, except that any street surface railroad company may, under certain circumstances, acquire the right to use the

tracks of another street surface railroad company for a distance not exceeding 1,000 feet. (Laws of 1890, chap. 565, § 102, as amended by Laws of 1894, chap. 693.) The language of this section leaves no doubt that the defendant, after having constructed its own line in South street, could, by granting its consent thereto, authorize the operation of the plaintiff's railroad in South street over the same tracks. If it could give its consent afterward it could give its consent in advance of the construction of its own line, and that was exactly what it did in the present case. I am of the opinion that, by entering into the contract and stipulations which the defendant made with the municipal authorities, it gave its consent to the operation, in the streets embraced in its franchise, of the line of any other corporation coming within the terms of the contract; and the plaintiff is such a corporation.

If this view is correct, it is difficult to perceive any sufficient reason for pronouncing the conditions void which are contained in the consents and contract. I can find no doctrine which would invalidate them laid down in either of the leading cases upon which the learned counsel for the defendant rely. (*Matter of Kings County Elevated R. R. Co.*, 105 N. Y. 97; *Beekman* v. *Third Ave. R. R. Co.*, 153 id. 144.) The conditions there under consideration were in conflict with the purposes of the respective statutes regulating the proceedings. The stipulations in question here, when made, were simply promises to do in the future what the Railroad Law empowered the defendant to do, whether it had made any promise on the subject or not; that is, allow another railroad company to operate its line in the same street and on the same tracks.

In the litigations relating to the occupation of South street, it does not appear that the plaintiff has made any election of remedies which is fatal to the maintenance of this action. As to the other questions arising on the motion, it is enough to say that they are sufficiently discussed and satisfactorily disposed of in the opinion of the learned judge at Special Term.

The injunction was properly granted and should be allowed to stand until the determination of the suit.

All concurred.

Order affirmed, with ten dollars costs and disbursements.